Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, RUSS BURNS, in their respective capacities as Trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; PENSION TRUST FUND FOR OPERATING ENGINEERS; PENSIONED OPERATING ENGINEERS HEALTH AND WELFARE FUND; OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICESHIP, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND; OPERATING ENGINEERS VACATION AND HOLIDAY PLAN; OPERATING ENGINEERS CONTRACT ADMINISTRATION TRUST FUND; OPERATING ENGINEERS MARKET PRESERVATION TRUST FUND; and OPERATING ENGINEERS INDUSTRY STABILIZATION TRUST FUND; BUSINESS DEVELOPMENT TRUST FUND; AND HEAVY AND HIGHWAY COMMITTEE,<br><br>    Plaintiffs,<br><br>v.<br><br>LEO W. TIDWELL, JR., individually.<br><br>    Defendant. | Case No.: C07-1490 PJH<br><br>**JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the plaintiffs and against defendant Leo W. Tidwell, Jr. individually as follows:

1. Defendant entered into a valid collective bargaining agreement with the Operating Engineers Local 3 (hereinafter "Bargaining Agreement").

2. Defendant has become indebted to the Trust Funds for amounts due and owing under the terms of the Collective Bargaining Agreement and Trust Agreements as follows:

| Contributions | $6,492.73 |
| Liquidated Damages / Interest | $3,696.49 |
| Attorney's fees (through 8/7/07) | $2,062.00 |
| Costs of Suit (filing and service) | $429.50 |
| **Total Due** | **$12,680.72** |

Defendant shall pay the amount of **$12,680.72** as follows: Beginning on August 20, 2007, and continuing on or before the 20th of every month thereafter for a period of 12 months (through July 20, 2008), defendant shall pay to plaintiffs $1,127.00 per month. Defendant shall have the right to increase the monthly payments at any time, which can be made by joint check, if endorsed by defendants prior to submission to plaintiffs.

(a) Payments shall be applied first to unpaid interest at the rate of 12% per annum on the unpaid principal balance and liquidated damages, in accordance with the Collective Bargaining Agreement and plaintiffs' Trust Agreements.

(b) Payments shall be made to the Operating Engineers Trust Funds, and delivered to Michele R. Stafford, Saltzman & Johnson Law Corporation, 120 Howard Street, Suite 520, San Francisco, CA 94105 **on or before the 20th of each month as stated above**, or to such other address as may be specified by plaintiffs. In the event that any check is not timely submitted or submitted by defendant but fails to clear the bank, or is unable to be negotiated for any reason, this shall be considered to be a default on the Judgment entered. If this occurs, plaintiffs shall

make a written demand to defendants to cure said default. Default will only be cured by the issuance of a replacement, *cashier's check*, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from plaintiffs. If defendant elects to cure said default, and plaintiffs elect to accept future payments, all such payments shall be made by cashier's check if the default was caused by a failed check. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by plaintiffs.

4. Beginning with contributions due for hours worked by defendant's employees during the month of July, 2007, due on August 15, 2007 and delinquent if not received by August 25, 2007 and for every month thereafter until this judgment is satisfied, defendant **shall remain current in contributions** due to plaintiffs under the current Collective Bargaining Agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust as amended. *Defendant shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Michele R. Stafford at 415-882-9287, prior to sending the payment to the Trust Fund office so that timely compliance can be confirmed.* Failure by defendant to remain current in contributions shall constitute a default of the obligations under this agreement and the provisions of Paragraph 6 shall apply. Any such unpaid or late paid contributions, together with 15% liquidated damages and 12% per annum interest accrued on the total contributions and liquidated damages, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions and the provisions of this agreement are in addition thereto.

5. Prior to the last payment pursuant to this Stipulation, plaintiffs shall advise defendant in writing, of any additional amounts owed pursuant to this Stipulation, which shall

-3-
JUDGMENT PURSUANT TO STIPULATION
Case No.: C07-1490 PJH

include, but not be limited to, any additional attorneys fees and costs incurred in this matter. Said amount shall be paid with the last payment, on or before July 20, 2008.

6.   Defendant Tidwell acknowledges that he is the RMO of LT & Sons Directional Boring, as well as the RMO/CEO/President of Leo Tidwell Excavating Corporation. Both companies are listed with the Contractor's Licensing Board as having the same address and principal place of operations. A third entity, "Leo Walter Tidwell Jr.", a sole proprietorship, also operates out of the same address. Mr. Tidwell acknowledges that he is authorized to enter into this agreement on behalf of all of the above entities. LT & Sons Directional Boring (except as to any amounts that were discharged as part of a prior bankruptcy), Leo Tidwell Excavating Corporation, and Leo Walter Tidwell Jr., all guarantee all amounts due and owing under the terms of this Stipulation. All entities, jointly and severally by the signatures below, consent to this Court's jurisdiction in the event that subsequent legal action becomes necessary.

7.   In the event that defendant or guarantors fail to make any payment required under Paragraph 3 above, or fail to remain current in any contributions under paragraph 4 above, then,

(a)   The entire balance of **$12,680.72** plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 15% liquidated damages and 12% per annum interest thereon as provided in above paragraph 4 shall be immediately due, together with any additional attorneys' fees and costs under section (d) below.

(b)   A writ of execution may be obtained against defendant or guarantors without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the plaintiffs setting forth any payment theretofore made by or on behalf of defendant and / or guarantors and the balance due and owing as of the date of default. <u>Defendant and all guarantors specifically consent to the</u>

authority of a Magistrate Judge for all proceedings, including, but not limited to, plaintiffs' obtaining a writ of execution herein.

    (c) Defendant and guarantors waive notice of entry of judgment and expressly waive all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a writ of execution, without further notice to defendants.

    (d) Defendant and / or guarantors shall pay all additional costs and attorneys' fees incurred by plaintiffs in connection with collection and allocation of the amounts owed by defendants to plaintiffs under this Stipulation.

  8. Any failure on the part of the plaintiffs to take any action against defendant and /or its guarantors as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the defendants of any provisions herein.

  9. Plaintiffs specifically reserve all rights to bring a subsequent action against defendant and /or its guarantors for the collection of any additional contribution delinquencies found to be due for the hours worked during the periods preceding the date of this Stipulation. Defendant and its guarantors specifically waive the defense of the doctrine of res judicata in any such action.

  10. In the event of the filing of a bankruptcy petition by defendant or its guarantors, the parties agree that any payments made pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed as a preference under 11 U.S.C. Section 547 or otherwise. Defendant and its guarantors nevertheless represent that no bankruptcy filing is anticipated.

  11. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Agreement.

12.  Defendant and its guarantors each represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in the analysis of this Agreement and the terms and conditions set forth herein, that they have read this Agreement with care and are fully aware of and understand that they enter into this Agreement voluntarily.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

13. This Agreement may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute together one and the same instrument.

Dated: 8/13, 2007

LEO W. TIDWELL JR. INDIVIDUALLY

*[signature]*

Dated: 8/13, 2007

LT & SONS DIRECTIONAL BORING

*[signature]*

Dated: 8/13, 2007

LEO WALTER TIDWELL JR., Sole Proprietorship

*[signature]*

Dated: 8/13, 2007

LEO TIDWELL EXCAVATING CORPORATION

*[signature]*

Dated: 8/22/07, 2007

OPERATING ENGINEERS LOCAL 3 TRUST FUNDS

*[signature]*
Wayne E. McBride

Dated: 8/20, 2007

SALTZMAN & JOHNSON LAW CORPORATION

*[signature]*
Michele R. Stafford
Attorneys for Plaintiffs

IT IS SO ORDERED.
Dated: August 27, 2007

_____
UNITED STATES DISTRICT COURT JUDGE
Judge Phyllis J. Hamilton

-7-
JUDGMENT PURSUANT TO STIPULATION
Case No.: C07-1492 MJJ